UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMAND CALHOUN, | CASE NO. C21-1124 MJP |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| ENTERPRISE RENT-A-CAR, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Armand Calhoun's Motion to Proceed In Forma Pauperis. (Dkt. No. 1.) While the Motion was granted, the Court sua sponte reviews the Complaint under 28 U.S.C. § 1915(e)(2)(B) prior to issuance of a summons. (Dkt. No. 4.)

Using a "Notice of Small Claim" form for Washington State district courts, Plaintiff filed a complaint against Enterprise Rent-A-Car and EAN Holdings LLC for "overcharges, overdrafts, breach of contract" related to a car rental. (Complaint at 2 (Dkt. No. 4).) Plaintiff alleges that "EAN used a false and deceptive practice or advertisement" leading him to believe he would pay

1 | $685.00 per week for a car rental, but that "EAN extracted $992.62 from Petitioner's account. . .

2 | ." (Id.) Plaintiff also alleges that this action caused "multiple unauthorized and false payments

3 | extracted thus overdrafts [sic] to Petitioner's account after original overcharges." (Id.) Plaintiff

4 | does not identify the amount of the alleged overdrafts. Plaintiff seeks $419,483.22 in damages,

5 | though he provides no basis for this request. (See id.)

6 |       Fed. R. Civ. P. 8(a) provides that in order to state a claim for relief, a complaint must

7 | contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain

8 | statement of the claim showing that the claimant is entitled to relief, and a demand for the relief

9 | sought. The factual allegations of a complaint must be "enough to raise a right to relief above the

10 | speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, the

11 | factual allegations of a complaint must state a claim for relief that is plausible on its face.

12 | Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff

13 | pleads factual content that allows the court to draw the reasonable inference that the defendant is

14 | liable for the misconduct alleged." Id.

15 |       Pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court is required to dismiss a case "at

16 | any time" if it determines that a complaint is frivolous or fails to state a claim upon which relief

17 | may be granted. Here, the Court finds two grounds necessitating dismissal.

18 |       First, Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over

19 | this matter. Plaintiff appears to assert that this Court has diversity jurisdiction over this matter

20 | under 28 U.S.C. § 1332. This requires Plaintiff to provide plausible allegations that the amount

21 | in controversy exceeds $75,000 and that complete diversity of citizenship exists between the

22 | parties. Plaintiff's statement of facts only identifies a maximum of $1,175.26 at issue, while the

23 | supporting documents appear to show that Enterprise has sought $1,533.78 from Plaintiff.

24 |

1 (Complaint at 8 (Dkt. No. 4 at 8).) While Plaintiff has apparently demanded $419,483.22, the

2 Court finds no basis to support this as the actual amount in controversy. As the Court

3 understands the allegations, the amount in dispute is far below the minimum requirement to

4 satisfy diversity jurisdiction—$75,000. Additionally, Plaintiff has not provided sufficient

5 allegations as to the citizenship of the two named defendants and the Court is unable to

6 determine whether complete diversity exists as between the parties.

7 Second, the Court finds that Plaintiff's complaint fails to state a claim for relief that is

8 plausible on its face. Plaintiff does not provide sufficient factual allegations to allow the Court to

9 understand what contractual provisions have allegedly been breached and what acts constitute a

10 breach of those provisions. The Court is left to guess at the nature of the claims and the facts

11 supporting the claims. This is insufficient. See Iqbal, 556 U.S. at 678.

12 Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court hereby DISMISSES this case without

13 prejudice and declines to issue the summons. As Plaintiff is representing himself *pro se*, the

14 Court directs him to the Western District of Washington's Pro Se Guide for litigants who are

15 proceeding without an attorney, available at www.wawd.uscourts.gov/representing-yourself-pro-

16 se for instructions on how to file briefs and other motions, and for other useful information.

17 The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

18 Dated August 27, 2021.

Marsha J. Pechman
United States Senior District Judge